# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[1] REINALDO RODRIGUEZ-DE JESUS,<br>Defendant. | CRIMINAL NO. 21-296<br>(FAB) |

## PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Reinaldo Rodriguez-De Jesus, and Defendant's counsel, Francisco Adams-Quezada, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Superseding Indictment:

Count One:

Beginning on a date unknown but not later than June 2020, and continuing up to and until the return of the superseding indictment, on the high seas, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, Reinaldo Rodriguez-De Jesus, the defendant herein, did knowingly and intentionally combine, conspire, confederate, and agree with diverse other persons known and unknown to the grand jury, to commit an offense defined in 46 U.S.C. § 70503, that is: to

knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), & 70506(b), and 21 U.S.C. § 960(b)(1)(B).

However, Defendant agrees to plead guilty to the lesser included drug weight in Count One of the Superseding Indictment, that is, a drug weight of 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance. All in violation of 46 U.S.C. §§ 70503(a)(1), & 70506(b), and 21 U.S.C. § 960(b)(2)(B).

2. **Stipulation as to the Amount of Narcotics**

The United States and the defendant, Reinaldo Rodriguez-De Jesus, stipulate the defendant shall be accountable for the possession with intent to distribute at least 50 kilograms but less than 150 kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance.

3. **Maximum Penalties**

Count One: The statutory penalty for the offense charged in Count One of the Superseding Indictment, based on Defendant's guilty plea to a lesser included drug weight, is a term of imprisonment which may not be less than five (5) years or more than forty (40) years; a fine not to exceed five million dollars ($5,000,000); and a supervised release term of at least four (4) years, all pursuant to 21 U.S.C. § 960(b)(2)(B).

## 4. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 5. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

## 6. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

## 7. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any

discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 8. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.



| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE<br>46 U.S.C. §§ 70503(a)(1), & 70506(b) | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(c)(3) (at least 50 KG but less than 150 KG of Cocaine) | | | | 34 | |
| Use of Special Skill, Captain of Boat pursuant to U.S.S.G. § 3B1.3 | | | | +2 | |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | -3 | |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | **33** | |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 135-168 | 151-188 | 168-210 | 188-235 | 210-262 | 235-293 |

### 9. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence within the appropriate guidelines range for a total offense level of 33, when combined with the criminal history category determined by the Court. The parties also acknowledge

and agree that there is a mandatory minimum term of imprisonment of sixty (60) months' imprisonment.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 10. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

## 11. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is within or below the appropriate guidelines range for a total offense level of 33, when combined with the criminal history category determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 12. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea

Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 13. Satisfaction with Counsel

Defendant is satisfied with counsel, Francisco Adams-Quezada, Esq., and asserts that counsel has rendered effective legal assistance.

## 14. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to

cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 15. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 16. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 17. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

## 18. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

## 19. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Superseding Indictment pending against Defendant in this case.

## 20. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

## 21. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which

may have previously been dismissed or which may have not been previously prosecuted.

## 22. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 23. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

## 24. Forfeiture Provision

Defendant agrees to waive and forgo any interests or claims over the following property under 21 U.S.C. § 853:

a. A 27 foot vessel model Proline with PR Registration # PR-4090-FF

b. Boat trailer with PR plate # 163864A

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2

and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

[space intentionally left blank]

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. STEPHEN MULDROW
United States Attorney

Max Perez-Bouret
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: May. 2. 2023

Francisco Adams-Quezada, Esq.
Counsel for Defendant
Dated: 5/4/2023

Maria Montañez-Concepción
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: May. 2. 2023

Reinaldo Rodriguez-De Jesus
Defendant
Dated: 5/4/23

Antonio L. Perez-Alonso
Assistant U.S. Attorney
Dated: 5 / 2 / 2023

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: _5/4/23_

_Reinaldo Rodriguez De Jesus_
Reinaldo Rodriguez-De Jesus
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: _5/4/2023_

_Francisco Adams_
Francisco Adams-Quezada
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Reinaldo Rodriguez-De Jesus admits that Defendant is guilty as charged in Count One of the Superseding Indictment and admits the following:

Beginning on a date unknown but no later than June 2020 and continuing up to and until the return of the Superseding Indictment, on the high seas, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, Reinaldo Rodriguez-De Jesus, the defendant herein, did knowingly and intentionally combine, conspire, confederate, and agree with diverse other persons to knowingly and intentionally possess with intent to distribute wholesale quantities of kilograms of cocaine on board a vessel subject to the jurisdiction of the United States.

As part of this conspiracy, on August 10, 2021, Puerto Rico Rapid Action Strike Force (FURA) Intelligence Agents were conducting preventive patrolling in their area of responsibility in Mayaguez, Puerto Rico. The FURA officers noticed a Ford F-350 truck with a trailer attached to it in the parking lot of the public vessel ramp in Bo. Seco, Mayaguez, Puerto Rico, seemingly waiting for a boat to arrive. There was an advisory for small vessels due to the passage of Tropical Storm Fred. Law enforcement checks also revealed that the Ford F-350 was linked to a subject linked to suspected drug-trafficking. The FURA officers decided to stay in the El Seco area and conduct surveillance and wait for the boat to arrive.

Eventually, a white vessel got close to the ramp and the Ford F-350 was backing up into the ramp. FURA officers approached the white vessel, which had two individuals onboard, including the defendant, Reinaldo Rodriguez-De Jesus, who was identified as the captain of the vessel. The defendant, Rodriguez-De Jesus, provided written consent for the officers to search the vessel. A K-9 drug-sniffing dog eventually arrived and boarded the vessel with his officer handler. The K-9 alerted in the area of the center console of the vessel.

FURA and HSI officers boarded the vessel for a search. They noticed that there were screws of the center console loose, tubes of caulking inside the vessel, and there was foam in the center console. The officers detained the vessel for further investigation.

On the next day, August 11, 2021, during the morning hours, the boat was transported by Border Patrol Agents from the Border Patrol Ramey Station in Aguadilla, PR, to Customs and Border Protection (CBP) facilities at the Panamerican Dock in San Juan, PR for an X-Ray examination. The X- Ray examination of the boat detected anomalies in the hull of the same.

After detecting these anomalies, the boat was taken from the CBP facilities at the Panamerican Dock in San Juan, PR, to the Border Patrol Ramey Station in Aguadilla, PR where a further search of the boat resulted in the discovery of 310 bricks of a white powdered substance that was field tested and reacted positive for the presence of cocaine. The bricks were found in an aftermarket hidden compartment that

had been constructed under the center console of the boat. A sample of the bricks eventually lab-tested positive for cocaine.

For the purposes of this plea, defendant admits that he did knowingly and intentionally combine, conspire, and agree with others to commit an offense against the United States, that is: to possess with intent distribute at least 50 kilograms but less than 150 kilograms of cocaine of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance, on board a vessel subject to the jurisdiction of the United States. He also admits that he acted as a boat captain to during this drug-trafficking conspiracy.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

[space intentionally left blank]

At trial, the United States would have proven beyond a reasonable doubt that defendant Reinaldo Rodriguez-De Jesus is guilty as charged in Count One of the Superseding Indictment. Discovery was timely made available to Defendant for review.

_____
Antonio L. Perez-Alonso
Assistant U.S. Attorney
Dated: 5 / 2 / 2023

_____
Francisco Adams-Quezada, Esq.
Counsel for Defendant
Dated: 5/4/2023

_____
Reinaldo Rodriguez-De Jesus
Defendant
Dated: 5/4/23